## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN PAUL PRIEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 26-cv-00096 (APM) |
| ) | |
| STEVEN PAUL PRIEST, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION

Pro se Plaintiff Steven Paul Priest, self-designated as "holder In Due Course" and "Foreign Sovereign," brings claims against apparently himself as a "non-juridic, Assumption, is Trust Res, 'Public Office.'" Compl., ECF No. 1 [hereinafter Compl.], at 1. Because Plaintiff fails to raise a substantial federal question and his claims are patently frivolous, the court *sua sponte* dismisses the Complaint and this action.

It is well settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are insubstantial and frivolous if they are "essentially fictitious" because they advance, for example, "bizarre conspiracy theories." *Best*, 39 F.3d at 330 (internal quotation marks omitted). In such cases, a district court may dismiss the case *sua sponte*. *See Lewis v. Bayh*, 577

F. Supp. 2d 47, 54 (D.D.C. 2008) (noting that "a district court has the power to dismiss a case *sua sponte* if it is frivolous").

It is neither clear what claims Plaintiff brings nor what relief he seeks. The Complaint alludes to "[c]ompelled association of public office outside the District of Columbia" and that Plaintiff is "taking back [his] property, and then promptly, intend[s] to exit the Federal Enclave." Compl. at 2. Plaintiff fails to explain what "[c]ompelled association of public office" is or what that has to do with property. *Id.* Plaintiff appears to request "To Enjoin, STATE actors, from TM Infringement, violating public to use a similar named tradename, without consent, under duress, by misrepresentation & fraud upon purchasing public, as to qualify of my property, that differs from anyone else but me!" *Id.* (emphasis in original). Again, Plaintiff does not explain what "TM Infringement" is nor does he explain the rest of the sentence, which does not express a discernable request for relief. The Complaint does not present a federal question suitable for relief and thus must be dismissed for failure to state a claim.

The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Plaintiff's claims are "patently insubstantial" and present "no federal question suitable for decision." *Best*, 39 F.3d at 330 (citations omitted). Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: January 21, 2026

                                                        Amit P. Mehta
                                                       United States District Judge